{¶ 21} I respectfully dissent from the Majority Opinion. The facts of the case mirror the facts in Terry v. Ohio[1] with the exception of the type of crime and the absence of a pat-down search. Here, the officer was on surveillance at a gas station known to be a haven for drug activity. The officer observed Cobbs enter a van, exit the van, and walk away. He followed Cobbs, not the van. He did not see any money or drugs change hands. He did not recognize either of the men.
 {¶ 22} Upon stopping Cobbs, he identified himself as a police officer. He informed Cobbs that he suspected a drug transaction. He continued the detention. Cobbs offered him an explanation; the officer did not believe him and restated his belief that a drug transaction had occurred. He then asked Cobbs if he could search his person. Cobbs agreed and a rock of crack was retrieved.
 {¶ 23} The State argues and the Majority Opinion agrees that this stop did not implicate the Fourth Amendment, but was a casual, consensual encounter. I disagree. The facts mirror Terry v. Ohio, which requires a reasonable basis to stop *Page 11 
and seize a suspect.
 {¶ 24} In Florida v. Bostick,[2] the United States Supreme Court drew a distinction between Terry stop-seizure and casual, consensual encounters. The distinction is whether under the surrounding circumstances of the encounter would a reasonable person feel free to decline the officer's requests, or terminate the encounter. If a reasonable person felt free to leave, the encounter does not implicate the Fourth Amendment. For example, in a recent Supreme Court decision,United States v. Drayton,[3] the agents entered a bus, moved through the passengers, interviewed all of them, but did not focus on anyone person and made it obvious that any one of the passengers was free to object, leave, or not cooperate. The United States Supreme Court defined this police action as casual and consensual, and not a violation of theFourth Amendment.
 {¶ 25} In Florida v. Royer,[4] the agents focused on the suspect, took his identification, and told him he was a suspect before obtaining his consent to search his luggage. In Florida v. Royer, the court held this was non-consensual. Here, Cobbs was stopped, detained, and questioned. When he offered an explanation, he was not believed, and the officer continued the detention and the investigatory *Page 12 
interrogation. Under these circumstances a reasonable person could conclude that he was not free to leave.
 {¶ 26} To take any other approach would result in what is becoming a commonplace thought; that thought is so long as the officer does not show force, the encounter is casual, and if the suspect does not walk away, the encounter is consensual. I believe the approach evidenced in this view weakens the Fourth Amendment even further and contravenes the historical relevance of the freedom to object, or not consent to police street encounters; consequently, I would have reversed.
[1] (1968), 392 U.S. 1.
[2] (1991), 501 U.S. 429.
[3] (2002) 536 U.S. 194.
[4] (1983), 460 U.S. 491 *Page 1